IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID SHADLE,<br>　　　　　Petitioner,<br><br>　　vs.<br><br>MIKE WENEROWICZ, S.C.I.<br>Graterford Superintendent; THE<br>ATTORNEY GENERAL OF<br>PENNSYLVANIA; JON PECK, District<br>Attorney of Westmoreland County,<br>　　　　　Respondents. | )<br>)<br>)<br>) Civil Action No. 12-81<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

David Shadle ("Petitioner") was convicted of first degree murder in the Court of Common Pleas of Westmoreland County and, on June 11, 2007, was sentenced to, *inter alia*, life in prison. Commonwealth v. Shadle, No. CP-65-CR-0001469-2006 (C.P. Westmoreland). At the time of the initiation of the current proceedings in this Court, Petitioner was awaiting decision from the Pennsylvania State Supreme Court on his Petition for Allowance of Appeal in his first Post Conviction Relief Act ("PCRA") proceedings.

Petitioner has filed an "Application for Abeyance and Stay of Petitioner's Federal Habeas Issues for ADEPA [sic] Timeliness Purposes," ECF No. 3, which the Clerk's Office docketed as a "Petition for Writ of Habeas Corpus," wherein he seeks to have this proceeding stayed because of his concern about the AEDPA statute of limitations. He has also filed a "Letter Application Habeas with Notice of Martinez v. Ryan Claim" (the "Application for Stay"), ECF No. 4, which the Clerk's Office filed as a "Motion for Abeyance" wherein he argues that his trial counsel was ineffective for failing to raise issues of alleged violations of state evidentiary law that occurred during his trial as violations, also, of his federal constitutional rights. Petitioner represents that in

his second PCRA petition, he will argue the ineffectiveness of his counsel during the first PCRA proceedings for failing to argue trial counsel's failure to raise the federal constitutional issues in addition to the state law evidentiary issues during trial. Petitioner contends that he will rely upon the recent decision of the United States Supreme Court in Martinez v. Ryan in order to excuse his procedural default of the claim that his trial counsel was ineffective for failing to raise federal constitutional issues. Moreover, Petitioner is concerned that his second PCRA petition may not be deemed to be "properly filed" under 28 U.S.C. § 2244(d)(2), and so therefore, may not toll AEDPA's statute of limitations. Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)("Under 28 U.S.C. § 2244(d)(2), 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted' toward the one-year limitations period."). Hence, he filed the current Application for Stay so as to not run afoul of the AEDPA statute of limitations.

We ordered Respondents to file a response, ECF No. 5, and the Respondents did file a Reply, ECF No. 8, wherein they opposed granting a stay. Respondents did so, relying primarily on Rose v. Lundy, 455 U.S. 509 (1982) and the statement of the "total exhaustion" rule announced therein. However, Respondents failed to acknowledge or even cite to Rhines v. Weber, 544 U.S. 269 (2005), which modified the "total exhaustion rule" of Rose v. Lundy, in light of AEDPA's intervening change in the law and addition of the one-year statute of limitations. Lira v. Herrera, 427 F.3d 1164, 1173 n.10 (9th Cir. 2005) ("as modified by the recent decision in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) the *Rose* rule permits mixed petitions to be stayed rather than dismissed in the 'limited circumstances' where a district court 'determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'").

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction in this case. ECF No. 10 (District Attorney's consent on behalf of the Respondents) and ECF No. 11 (Petitioner's consent).

We take judicial notice of the dockets in the Court of Common Pleas of Westmoreland County[1] which reveal that on September 24, 2012, Petitioner filed pro se, a second PCRA petition in that court, only one month after the Superior Court affirmed the denial of PCRA relief in Petitioner's first PCRA proceeding.

Considering the pendency of the second PCRA proceedings and in light of Petitioner's foregoing allegations, the record is sufficient under Rhines v. Weber, 544 U.S. 269 (2005), at this juncture to permit us to exercise our discretion to grant a stay and abeyance in this Section 2254 habeas corpus proceeding and so, we enter the following order.

**AND NOW**, this 4th day of February 2013, Petitioner's request for a stay and abeyance of this habeas petition is GRANTED. Within thirty 45days of exhaustion of his second PCRA proceedings including any appeals, Petitioner shall file in this Court a motion to reopen the case. Failure to do so may result in the dismissal of the habeas petition for failure to obey court orders. The Clerk is to administratively close this case. Nothing herein shall be deemed an adjudication of any issue in this case other than the propriety of the grant of the stay.

BY THE COURT,

Date: February 4, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[1] Those dockets are available at:

http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-65-CR-0001469-2006

(site last visited on 2/4/2013).

cc: David Shadle
HC-8564
SCI Graterford
P.O. Box 244
Graterford, PA 19426

All counsel of record via CM-ECF